```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
```

JOSEPH H. GUSKY,

              Plaintiff,

    -vs-

MICHAEL J. ASTRUE,
COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION

              Defendant.

**DECISION AND ORDER**
**No. 10-CV-00919MAT**

_____

## I.   Introduction and Preliminary Matters

Joseph P. Gusky ("Gusky" or "Plaintiff"), through counsel, commenced an action, pursuant to 42 U.S.C. § 405(g), to review the final determination of Defendant Commissioner of Social Security that Plaintiff was not entitled to a waiver of the recovery of an overpayment of benefits. See Dkt. No. 1.

By Report and Recommendation ("the R&R") dated February 28, 2012 (Dkt. No. 11), United States Magistrate Judge Leslie G. Foschio recommended that the decision of the Commissioner's motion for judgment on the pleadings (Dkt. No. 6) be granted and Gusky's motion for judgment on the pleadings be denied (Dkt. No. 8). See Dkt. No. 14 at p 14.  Plaintiff filed objections to the R&R on March 8, 2012 (Dkt. No. 12), and Defendant filed a Reply on March 21, 2012 (Dkt. No. 13).

This matter was transferred to the undersigned on June 24, 2013. Dkt. No. 14.

For the reasons set forth below, the R&R is accepted and adopted in its entirety. The decision of the Commissioner is affirmed and the Complaint (Dkt. No. 1) is dismissed.

**II.  Factual and Procedural Background**

Plaintiff filed an application for disability benefits on February 20, 1998, was determined to be disabled under the meaning of the Act, and received disability benefits beginning April 1, 1995.  Administrative Trans. [Tr.] 30, 43.

On March 22, 2004, the Social Security Administration ("SSA") advised Plaintiff that upon review of his earnings records, SSA earnings records, and work information provided by his employers, the SSA had determined that Plaintiff performed substantial work activity beginning October 1998, that Plaintiff's nine month trial work period ended effective February 2000, and that Plaintiff's benefits would be terminated effective March 2003.  Tr. 48-50.  In correspondence dated April 2, 2004, the SSA advised Plaintiff that because the SSA did not stop Plaintiff's disability checks until April 2004, the SSA overpaid Plaintiff $13,854.70 in disability benefits and that Plaintiff was responsible to return the overpayment.  Tr. 54.  Plaintiff attended a folder review conference on June 23, 2004 with a representative of the SSA, and told the SSA he believed he should not be responsible to repay the SSA the overpayment because he had misinterpreted the SSA rules regarding evaluation of work activity.  Tr. 58.  Plaintiff filed a

request for waiver of repayment, and on August 4, 2004, Defendant denied Plaintiff's request for a waiver of repayment determining that Plaintiff "did not exercise reasonable care in making sure [he] understood SSA rules regarding substantial gainful activity and how SSA would evaluate [his] work [and that] [he] ha[s] the funds available to repay th[e] overpayment." Tr. 60.

On September 2, 2004, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), and a hearing was held on November 1, 2006, where Plaintiff appeared *pro se* and testified. Tr. 156-186. On November 14, 2006, the ALJ issued a decision, finding that although Plaintiff was without fault in causing and accepting the overpayment of benefits, his repayment of the benefits would not defeat the purpose of Title II of the Act, or be against equity and good conscience, and that waiver of recovery of the overpayment of benefits was not therefore warranted.[1] Tr. 18-21. The ALJ's decision became the final decision when the Appeals Council denied Plaintiff's request for review on February 23, 2007. Tr. 216.

---

[1] The Social Security Act only permits a waiver of overpayment recovery when: (1) the overpaid person is without fault, and (2) recovery would defeat the purpose of Title II or would be against equity and good conscience. 42 U.S.C. § 404(b); 20 C.F.R. § 404.506(a). Otherwise, the Commissioner is authorized to recover the overpayment under SSA regulations. 42 U.S.C. § 404(a)(1)(A). To be against equity and good conscience, a claimant must show that he "changed . . . his position for the worse or relinquished a valuable right . . . because of the overpayment itself" irrespective of his financial status at the time. 20 C.F.R. § 404.509(a)-(b). Plaintiff has the burden of establishing his entitlement to a waiver of overpayment recovery. See 20 C.F.R. § 404.506(c).

Plaintiff then filed a civil action in this Court on April 25, 2007. See Gusky v. Astrue, 07-CV-00275A. On January 14, 2008, the Court, upon stipulation of both parties, remanded the case back to the Commissioner for proceedings in accordance with the fourth sentence of 42 U.S.C. § 405(g) of the Act.[2] Tr. 233. On April 3, 2008, the Appeals Council directed that,

> upon remand, the [ALJ] will provide [Plaintiff] an opportunity to submit additional evidence and testimony regarding his income and expenses to decide whether he has the ability to repay the overpayment without experiencing financial hardship, and will develop the record fully and consider and make findings concerning whether [Plaintiff] is entitled to waiver of recovery of the overpayment, or any portion thereof, applying the regulatory criteria.

Tr. 233-234.

On July 23, 2008, pursuant to Plaintiff's request, a hearing was held before an ALJ in Buffalo, New York, at which Plaintiff, represented by a legal assistant with Legal Services for the Elderly, Disabled, or Disadvantaged of WNY, Inc., appeared and testified. Tr. 356. On September 25, 2008, the ALJ issued a decision finding that although Plaintiff was without fault in causing and accepting the overpayment of disability benefits, recovery or adjustment of the overpayment would not defeat the

---

[2] The fourth sentence of § 405(g) provides that, "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing."

purpose of Title II or be against equity and good conscience, and therefore, waiver of overpayment was not warranted. Tr. 204-206. The ALJ found that Plaintiff's budget used to describe his income and expenses contained several errors or exaggerations, included only the Plaintiff's earnings from the City of Buffalo for 2004-2007, and did not include earnings information from Plaintiff's other employers or reference the Plaintiff's out of state pension. Tr. 204. On October 24, 2008, Plaintiff filed exceptions and a request for Appeals Council review. Tr. 328. By letter dated August 23, 2010, the Appeals Council advised Plaintiff that it had considered Plaintiff's exceptions to the ALJ's September 25, 2008 decision, and had "also looked at all of the issues considered in the decision whether or not the [ALJ] ruled on them in [Plaintiff's] favor." Tr. 194. After having done so, the Appeals Council advised that it intended to find Plaintiff was not without fault and, thus, would not be making any findings regarding whether Plaintiff is able to repay the overpayment. Tr. 194-197.

On September 7, 2010, Plaintiff filed exceptions with the Appeals Council that requested the Council not disturb the ALJ's previous "without fault" determination, and that the Council reconsider the ALJ's determination that Plaintiff was not entitled to a waiver of recovery of benefits. Tr. 346. Upon review of Plaintiff's exceptions, on September 10, 2010, the Appeals Council determined Plaintiff was not without fault in causing and accepting

the overpayment of the disability benefits at issue, and that Plaintiff was therefore responsible for repayment of $13,854.70 in overpaid benefits.  Tr. 193.

**III. Discussion**

After an R&R has been issued by a magistrate judge, a district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  When a timely and specific objection has been made, the court is obligated to review the contested issues de novo. See Hynes v. Squillace, 143 F.3d 653, 656 (2d Cir. 1998). However, it is well-settled that when the objections simply reiterate previous arguments or make only conclusory statements, the Court should review the report for clear error. See Genao v. United States, No. 08 Civ. 9313 (RO), 2011 U.S. Dist. LEXIS 27077, 2011 WL 924202, at * 1 (S.D.N.Y. Mar. 16, 2011); Kirk v. Burge, 646 F. Supp. 2d 534, 539 (S.D.N.Y. 2009) (collecting cases).

Here, although Plaintiff has filed timely objections to the R&R, his objections substantively repeat the same arguments that he previously made before Magistrate Judge Foschio. Plaintiff objects to the R&R on three grounds. First, he objects on the basis that the R&R "fails to consider the import of the Appeals Council [r]emand [o]rder," asserting that "the [R&R] never addresses [P]laintiff's contention that the Appeals Council was bound by the terms of its own Remand Order 'that constrained review to the

single issue of the Plaintiff's ability to pay[.]'" Pl's Obj. at p 1.  Second, he objects on the basis that the R&R "applies the wrong standard of review of the finding of fault." Id. at p 2.  In support of this contention, he maintains that the Appeals Council's determination that he was "at fault" in causing the overpayment was not supported by substantial evidence in the record. Id.  Finally, he objects on the basis that the R&R "does not address whether SSA should waive recovery if Mr. Gusky was without fault in causing the overpayment." Id. at p 3.  To support this objection, he states that the R&R "improperly limits its scope of review." Id.

The Court has reviewed the record in this case and Plaintiff's original brief submitted to Magistrate Judge Foschio and finds that the instant objections are essentially the same arguments he presented to Magistrate Foschio, namely that:  the Appeals Council lacked authority to review all of the issues relevant to his request for a waiver of an overpayment;  that the Appeals Council's determination that he was at fault in causing the overpayment was not supported by substantial evidence; and, that the record supports a finding that Plaintiff meets the statutory criteria for a waiver of overpayment. See Dkt. No. 8 at p 5-18.  Therefore, the Court reviews Magistrate Judge Foschio's R&R for clear error.

Having reviewed Magistrate Judge Foschio's well-reasoned R&R, the Court finds no error, let alone clear error.[3] Magistrate Judge Foschio's R&R is detailed and persuasive, and the Court adopts it in its entirety.

**IV. Conclusion**

For the reasons set forth above, the Court agrees with each of the recommendations made by Magistrate Judge Foschio. As a result, the Court accepts and adopts Magistrate Judge Foschio's R&R in its entirety.

It is hereby **ORDERED** that Magistrate Judge Foschio's R&R (Dkt. No. 11) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that the Complaint (Dkt. No. 1) in this matter is **DISMISSED**; and it is further

**ORDERED** that a certificate of appealability shall not issue with respect to any of the claims set forth in the Complaint as Plaintiff has not made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2). The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. Coppedge v. United States, 369 U.S. 438 (1962).

---

[3] Even if Plaintiff's objections to the Report's findings were enough to trigger *de novo* review, the result would be the same.

Plaintiff must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within thirty (30) days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED.**

S/Michael A. Telesca

---
HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED:   July 2, 2013
         Rochester, New York